**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
Gerald C. Bender, Esq.
Michael Savetsky, Esq.
Barry Z. Bazian, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| East Orange General Hospital, Inc., *et al.*,[1] | Case No. 15 – 31232 (VFP) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On November 10, 2015 (the "Petition Date"), East Orange General Hospital, Inc. and Essex Valley Healthcare, Inc. (each a "Debtor," and collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). The Debtors' chapter 11 cases (collectively, the "Chapter 11 Cases") are being jointly administered under lead case number 15-31232 (VFP). The Debtors, with the assistance of their advisors, have prepared and filed their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

These Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are

---

[1] The Debtors and the last four digits of their Employer Identification Numbers are East Orange General Hospital, Inc. (7166), and Essex Valley Healthcare, Inc. (7667). The Debtors' principal place of business is located at 300 Central Avenue, East Orange, NJ 07018.

incorporated by reference in and comprise an integral part of the Schedules and Statements filed by each of the Debtors and should be referenced in connection with any review thereof.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.  Except as otherwise noted, the information provided in the Schedules and Statements is as of the close of business on the Petition Date.

In preparing the Schedules and Statements, the Debtors relied upon financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify or alter any part of the Schedules and Statements as and to the extent the Debtors deem necessary or appropriate.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

## Global Notes and Overview of Methodology

1.    Reservation of Rights.  Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to the Chapter 11 Cases, including any issues involving substantive consolidation, equitable subordination, defenses and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

2.    Net Book Value of Assets.    It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Schedules and Statements, including but not limited to assets listed in Schedule B, reflect net book values of each asset as of the Petition Date as listed in the Debtors' accounting books and records, rather than current market values of such assets.  The Debtors reserve all of their rights with respect to the values, amounts and characterizations of the assets listed in the Schedules and Statements.

3.    Liabilities.  The Debtors allocated liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to

dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

4.    <u>Causes of Action</u>.  Despite reasonable efforts to identify all known assets, the Debtors may not have identified or set forth all of their causes of action (filed or potential) as assets in the Schedules and Statements.  The Debtors reserve all of their rights with respect to any causes of action they may have, whether or not listed as assets in the Schedules and Statements, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

5.    <u>Estimates</u>.  To close the books and records of the Debtors as of the Petition Date for purposes of the Schedules and Statements, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of their assets, liabilities, revenue, and expenses.

6.    <u>Claims Description.</u>    Schedules D, E and F permit each of the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated." Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including as to amount, priority, secured or unsecured status or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated" by filing and serving an appropriate amendment.  Moreover, listing a claim does not constitute an admission of liability by the Debtors.

7.    <u>Paid Claims</u>.  The Debtors have authority to pay certain outstanding prepetition liabilities pursuant to various Bankruptcy Court orders. Accordingly, certain outstanding liabilities may have been reduced by post-petition payments made on account of prepetition liabilities.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary and appropriate to avoid over-payment of or duplicate payments for any such liabilities.

8.    <u>Property and Equipment</u>.  Nothing in the Schedules or Statements (including, without limitation, the failure to list leased property or equipment as owned property or equipment) is, or shall be construed as, an admission as to the determination of legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to such issues.  Property and equipment listed in the Schedules and Statements is presented without consideration of any liens that may attach (or have attached) to such property and equipment.

9.    <u>Insiders</u>.  Where the Schedules and Statements require information regarding "insiders" and/or officers and directors, the Debtors have attempted to include therein the Debtors' (a) "directors" (or persons in similar positions) and (b) employees that may be, or may

-3-

have been during the relevant period, "officers," as such terms are defined in the Bankruptcy Code or other applicable law.  The listing of a party as an insider is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  With respect to any person listed as an insider, the Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

10. <u>Intellectual Property Rights</u>.  Exclusion of certain intellectual property from the Schedules and Statements shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

11. <u>Excluded Liabilities</u>.  The Debtors have excluded from the Schedules and Statements certain accrued liabilities, including accrued salaries, paid time off (PTO) and extended sick leave for employees, and liabilities that have been paid pursuant to orders of the Bankruptcy Court.

12. <u>Employee Addresses</u>.  Due to privacy concerns, the Debtors have not included addresses in the Schedules and Statements for employees and former employees or have used the Debtor's corporate address.

13. <u>Unliquidated Claim Amounts</u>.  Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unknown."

14. <u>Totals</u>.  All totals that are included in the Schedules and Statements represent totals of the known liquidated amounts for the individual schedule for which they are listed.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

15. <u>Specific Notes</u>.  These Global Notes are in addition to any the specific notes set forth in the individual Schedules and Statements.  Disclosure of information in one Schedule, the Statements, an exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, the Statements, or any exhibits or continuation sheets.

16. <u>Global Notes Control</u>.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

**<u>Specific Disclosures with Respect to the Schedules</u>**

17. <u>Schedule B21</u>.  In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, or refunds with their

suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21.

18.    <u>Schedule B24</u>.  The Debtors operate a 211-bed acute care hospital that provides healthcare services to the residents of East Orange, New Jersey and the surrounding Essex County community.  The Debtors maintain patient health information in compliance with federal HIPAA regulations.

19.    <u>Schedule D — Creditors Holding Secured Claims</u>.  Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of each Debtor.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The descriptions provided in Schedule D are solely intended to be a summary – and not an admission – of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims or agreements.

20.    <u>Schedule E — Creditors Holding Unsecured Priority Claims</u>.  The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority under section 507(a) of the Bankruptcy Code.  The Debtors reserve the right to dispute the priority status of any claim on any basis.  Determination of the date upon which each claim in Schedule E was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule E.

The Debtors have satisfied certain prepetition employee and tax related liabilities that are or may be entitled to priority pursuant to authority granted to the Debtors under various Bankruptcy Court orders.  The Debtors have not included any such satisfied prepetition liabilities on Schedule E.

21.    <u>Schedule F — Creditors Holding Unsecured Nonpriority Claims</u>.  Although the Debtors have made a reasonable attempt to set forth their unsecured obligations on Schedule F, the liabilities identified therein are derived from the Debtors' books and records, which may or may not be completely accurate.  Accordingly, the actual amount of claims against the Debtors

may vary from the represented liabilities.  Parties in interest should not accept that any listed liability necessarily reflects the correct amount of any unsecured creditor's allowed claim or the correct amount of all unsecured claims.  Similarly, parties in interest should not anticipate that recoveries in these Chapter 11 Cases will reflect the relationship of aggregate asset values to aggregate liabilities set forth in the Schedules and Statements.

Parties in interest should consult their own professionals and/or advisors with respect to pursuing a claim.  Although the Debtors and their professionals have generated financials the Debtors believe to be reasonable, actual liabilities may deviate from the Schedules and Statements because of certain events that may occur during the Chapter 11 Cases.

The claims listed on Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose may be unknown or subject to dispute.  Although the Debtors have made reasonable efforts to determine the date upon which each of the claims listed on Schedule F was incurred or arose, fixing that date for each claim in Schedule F would be unduly burdensome and cost prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule F.

The Debtors have satisfied certain prepetition liabilities pursuant to authority granted to the Debtors under various Bankruptcy Court orders.  The Debtors have not included any such satisfied prepetition liabilities on Schedule F.

Schedule F may include prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.

Schedule F does not include potential rejection damages claims, if any, of counterparties to executory contracts or unexpired leases that may be rejected by the Debtors.

<u>Schedule G — Executory Contracts and Unexpired Leases</u>.  Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts and unexpired leases and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusion may have occurred.  Reference to any contract or lease on Schedule G includes any and all amendments, addendums, supplements or restatements to such contract or lease, whether or not specifically referred or separately listed thereon.

The Debtors' listing of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend Schedule G at any time to remove any contract or lease.

Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties and obligations may not be set forth separately on Schedule G.    In addition, the Debtors may have entered into various other types of

agreements in the ordinary course of their business, such as easements, rights of way, subordination agreements, nondisturbance agreements, supplemental agreements, letter agreements, title agreements and confidentiality agreements.  Such agreements may not be set forth in Schedule G and certain of the agreements may not have been memorialized and could be subject to dispute.  Executory agreements that are oral in nature have not been included on Schedule G.  The Debtors reserve all of their rights with respect to all such agreements.

Certain of the contracts and leases listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

The Debtors may be party to certain agreements that have expired by their terms.  Out of an abundance of caution, the Debtors may have listed such agreements on Schedule G.  The Debtors' inclusion of such contracts or agreements on Schedule G is not an admission that any such contract or agreement is an executory contract or unexpired lease.

In some cases, the same supplier or provider may appear multiple times in Schedule G.  Multiple listings, if any, reflect distinct agreements between the Debtors and such supplier or provider.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission of those contracts from Schedule G.  The Debtors reserve the right to amend Schedule G at any time to add additional contracts or agreements.

### Specific Disclosures with Respect to the Statements

22.     Statement 4a. Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum.  The Debtors dispute any liability with respect to the matters included in Statement 4a, and Statement 4a shall not be construed as an admission by the Debtors of any liability with respect to any of the legal disputes or administrative proceedings identified therein

23.     Statement 8.  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  The Debtors, however, may not have records of all such losses as to the extent such losses do not have a material impact on the Debtors' business or are not reported for insurance purposes.

24.     Statement 14.  Statement 14 includes property that a Debtor holds or controls but which may be owned by other entities.  The Debtors reserve all of their rights with respect to actual ownership of such property.

25.    <u>Statement 19d</u>.  During the two years immediately preceding the Petition Date, the Debtors have provided financial statements in the ordinary course of their business to various parties, including secured lenders, government entities and other interested parties, through online data rooms and other diligence procedures.

26.    <u>Statement 23</u>.  The Debtors have included a comprehensive response to Statement 23 in Statement 3c.

B6 Summary (Official Form 6 - Summary) (12/14)

.

# United States Bankruptcy Court
### District of New Jersey

In re   **Essex Valley Healthcare, Inc.**              ,    Case No.   **15-31233**

                                 Debtor             Chapter          **11**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A,
B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.
Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must
also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 4,374,037.45 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 46,612.62 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I -  Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J -  Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 11 | | | |
| Total Assets | | | 4,374,037.45 | | |
| Total Liabilities | | | | 46,612.62 | |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

B6A (Official Form 6A) (12/07)

In re __Essex Valley Healthcare, Inc._____,    Case No. __15-31233_____
                                                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | Sub-Total > | **0.00** | (Total of this page) |
|---|---|---|---|
| | Total > | **0.00** | |

__0__ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

.

In re   **Essex Valley Healthcare, Inc.**                                                      ,      Case No.   **15-31233**
                                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Wells Fargo Company** **91 E. Main Street** **Moorestown, New Jersey 08057** **Concentration Account** **Account Number: 7008** | - | 4,374,037.45 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

|  | Sub-Total >   **4,374,037.45** |
|---|---|
|  | (Total of this page) |

<u>  2  </u>   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Essex Valley Healthcare, Inc.**                  ,    Case No.   **15-31233**

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|:---:|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **100% Ownership of East Orange General Hospital, Inc.** **100% Ownership of Essex Valley Realty Foundation, Inc.** **100% Ownership of The Foundation for East Orange General Hospital, Inc.** | **-** | **Unknown** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

|  | |
|---|---|
| Sub-Total > | **0.00** |
| (Total of this page) | |

Sheet  __1__  of  __2__  continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com               Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **Essex Valley Healthcare, Inc.**                     ,     Case No.    **15-31233**

                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **See Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs submitted herewith.** | - | **Unknown** |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | | **See Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs submitted herewith.** | - | **Unknown** |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

                            Sub-Total >      **0.00**
               (Total of this page)
Sheet  **2**  of  **2**  continuation sheets attached                 Total >   **4,374,037.45**
to the Schedule of Personal Property

                              (Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re  **Essex Valley Healthcare, Inc.**                           ,      Case No.   **15-31233**
                                Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

    List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

    If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

    Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

■  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | | | | | | | |
| | | | J | C | | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| **0** continuation sheets attached | | | | | Subtotal (Total of this page) | | | | | |
| | | | | | Total (Report on Summary of Schedules) | | | | **0.00** | **0.00** |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

B6E (Official Form 6E) (4/13)

.

In re   __Essex Valley Healthcare, Inc._____,    Case No. ___**15-31233**_____

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

__1__   continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re    **Essex Valley Healthcare, Inc.**                                    ,    Case No.    **15-31233**
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts**
**Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. **Department of the Treasury Internal Revenue Service Cincinnati, OH 45280** | - | | | X | X | X | 0.00 | **Unknown** **Unknown** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | 0.00 | 0.00 |
| | | 0.00 |
| Total (Report on Summary of Schedules) | 0.00 | 0.00 |
| | | 0.00 |

B6F (Official Form 6F) (12/07)

In re  **Essex Valley Healthcare, Inc.**                                        ,    Case No. __15-31233__
_____
                                      Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **East Orange General Hospital, Inc.** <br> **300 Central Avenue** <br> **East Orange, NJ 07018** | | - | | | | | <br><br><br> 14,043.14 |
| Account No. <br><br> **Milliman, Inc.** <br> **Attn: Jeff Marzinsky** <br> **250 Washington Avenue Extension** <br> **Albany, NY 12203** | | - | | | | | <br><br><br> 32,569.48 |
| Account No. <br><br><br><br> | | | | | | | |
| Account No. <br><br><br><br> | | | | | | | |

|  |  |
|---|---|
| Subtotal <br> (Total of this page) | 46,612.62 |
| Total <br> (Report on Summary of Schedules) | 46,612.62 |

__0__  continuation sheets attached

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                    S/N:25940-151204    Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

.

In re    **Essex Valley Healthcare, Inc.**                                    ,    Case No.    **15-31233**
                                            Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **See Schedule G attached hereto.** | |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                                   Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

.

In re  **Essex Valley Healthcare, Inc.**                                                    ,     Case No.     **15-31233**
_____
Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

**Essex Valley Healthcare, Inc.Case No. 15-31233 (VFP)**

**Schedule G Rider**
**Executory Contracts and Unexpired Leases**

| Counterparty | Address 1 | Address 2 | City | State | Zip | Contract Description |
|---|---|---|---|---|---|---|
| AIG Insurance | 175 Water Street | | New York | NY | 10038 | Business Auto Coverage Liability Insurance Policy |
| Coverys | P.O. Box 845248 | | Boston | MA | 02284-5248 | General Liability Insurance Policy |
| Zurich American Insurance Company | 1400 American Lane | | Schaumburg | IL | 60196-1056 | Property Insurance Policy |
| Allied World National Assurance Company/Darwin | 199 Water Street | | New York | NY | 10038 | Healthcare Organization Umbrella Liability Insurance Policy |
| Wesco Insurance Company | 874 Walker Road | Suite C | Dover | DE | 19904 | Workers' Compensation Liability Insurance Policy |
| ACE American Insurance Company | Chief Underwriting Officer | 1133 Avenue of the Americas, 32nd Floor | New York | NY | 10036 | Privacy & Network Liability Insurance Policy |
| Chubb Group of Insurance Companies | 82 Hopmeadow Street | | Simsbury | CT | 06070-7683 | Executive Liability, Entity Liabilitiy and Employment Practices Liability/ Fiduciary Liability/ Crime Insurance Policy |
| QBE Insurance Corporation | Wall Street Plaza | 88 Pine Street | New York | NY | 10005 | Management Liability and Professional Liability Insurance Policy |
| Chubb Group of Insurance Companies | 15 Mountain View Road | | Warren | NJ | 07059 | Employed Lawyers Professional  Liability Insurance Policy |
| Zurich American Insurance Company | 1400 American Lane | | Schaumburg | IL | 60196-1056 | Storage Tank Liability Insurance Policy |
| ACE American Insurance Company | 11575 Great Oaks Way | Suite 200 | Alpharetta | GA | 30022 | Storage Tank Liability Insurance Policy |
| QBE Insurance Corporation | Wall Street Plaza | 88 Pine Street | New York | NY | 10005 | Excess Liability Insurance Policy |
| Local Union 68 of International of Operating Engineers (AFL-CIO) | 11 Fairfield Place | | Calwell | NJ | 07006 | Collective Bargaining Agreement |
| Milliman, Inc. | Attn: Jeff Marzinsky | 250 Washington Avenue Extension | Albany | NY | 12203 | Retirement Plan Services Agreement |

B6 Declaration (Official Form 6 - Declaration). (12/07)

## United States Bankruptcy Court
### District of New Jersey

In re  **Essex Valley Healthcare, Inc.**

Debtor(s)

Case No.    **15-31233**

Chapter    **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Financial Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____12____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **December 15, 2015**

Signature

**Nicholas J. Lanza**
**Chief Financial Officer**

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.